UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHIGAN NURSERY AND LANDSCAPE ASSOCIATION, et al., <br> Plaintiffs, <br><br> -v- <br><br> GRETCHEN WHITMER and DANA NESSEL, <br> Defendants. | No. 1:20-cv-331 <br><br> Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR EMERGENCY PRELIMINARY INJUNCTION

Plaintiffs request a temporary restraining order enjoining enforcement of Executive Order 2020-42.  (ECF No. 9.)  Plaintiffs offer lawn and landscaping services and also sell plants and other garden supplies at retail.  Specifically, Plaintiffs request the Court enjoin Defendants from enforcing the Executive Order as it applies to landscaping, lawn-care and retail-garden-center businesses that follow best-practice social distancing.

Courts can grant emergency injunctive relief only when the moving party establishes an irreparable injury that will occur before the adverse party can be heard in opposition. Although the Court has concerns about the application of the Executive Order to landscaping services, the balance of factors do not warrant emergency relief without the benefit of a response by the State.  Therefore, the emergency motion will be denied, the State will file a response and the Court will schedule a hearing for a preliminary injunction.

I.

On April 9, 2020, Michigan Governor Gretchen Whitmer issued Executive Order 2020-42, the Executive Order giving rise to Plaintiff's claims.  As stated in the Executive Order, its purpose is to slow the spread of Covid-19 to prevent the State's health care system from being overwhelmed and to prevent needless deaths.  By April 8, Michigan reported over 20,000 cases of Covid-19 and over 950 deaths from the virus.  The Executive Order prohibits businesses from conducting operations that require workers to leave their homes or places of residence except to the extent that those workers are necessary to sustain or protect life or to conduct minimum basic operations.  For those businesses that remain open, Governor Whitmer also require the stores close the areas associated with garden centers and plant nurseries.  Those businesses that continue to operate were required to implement social distancing regulations.

Today, less than two weeks since Governor Whitmer issued the challenged Executive Order, Michigan reports approximately 34,000 individuals infected with Covid-19 and more than 2,800 deaths from the virus.  While the rate of infection has started to slow, the number of infections and deaths continues to increase by triple digits each day.

II.

The Court interprets Plaintiffs' motion as a request for a temporary restraining order. Plaintiffs do not cite Rule 65(b) of the Federal Rules of Civil Procedure, they cite Rule 65(a). (ECF No. 9 Mot. at 1 PageID.66.)   Plaintiffs, however, characterize the motion as an "emergency."  In their complaint, Plaintiffs state that they request an "emergency preliminary injunction that allows them to *immediately* resume providing lawn care, . . . ."  (ECF No. 1

Compl. ¶ 7 PageID.3 emphasis added). The Court also observes that the Executive Order expires on April 30. The ordinary briefing schedule for the motion would not be complete before April 30. See W.D. Mich. LCivR 7.2(a) and (c).

Decisions regarding a temporary restraining order fall within the discretion of a district court. See *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint or affidavit showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). Plaintiffs filed verification statements with their complaint. (PageID.26-32.) Defendants have notice of the lawsuit and the motion. Plaintiffs filed proof of service. (ECF No. 18.) Four attorneys have filed appearances on behalf of Defendants.

When deciding whether to issue a temporary restraining order, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361. The four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. See *Northeast Ohio Coalition*, 467 F.3d at 1009. Like a preliminary

injunction, a temporary restraining order is an "extraordinary remedy designed to preserve the relative positions of the parties[.]" *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The party requesting a temporary restraining order bears a heavy burden. The Supreme Court has commented "that our entire jurisprudence runs counter to the notion that court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.,* 415 U.S. 423, 439 (1974).

The balance of the factors weigh against a temporary restraining order and in favor of allowing a response by Defendants before consideration of a preliminary injunction. For the purpose of a temporary restraining order only, the Court gives weight to Plaintiffs' claims that their rights have been violated by the Executive Order Plaintiffs rights to engage in a commercial activity, at this point, is outweighed by the other factors. The Executive Order has been in place for approximately two weeks. Preserving the status quo would thus leave the Executive Order in place. Plaintiffs damages may not be irreparable. Damages would be calculated by identifying lost contracts and comparing seasonal revenues. The third and fourth factors weigh in favor of denying the temporary restraining order. A court order calling into question even limited portions of the Executive Order without first hearing from the State would sow confusion and undermine the public's confidence in the measures taken by the Governor. In light of the virus' ease of transmission, even small increases in social and commercial activity may pose a risk to the health of all Michiganders. The commercial establishments that remain open sell goods and services necessary to sustain or protect life, even if those establishments also sell other goods. Lawn care does not fall into the category

of a business that is necessary to sustain or to protect life. That said, Plaintiffs have a point that lawn care can largely be performed alone or while maintaining an appropriate social distance.

For these reasons, the Court finds that Plaintiffs have not met the heavy burden necessary for an extraordinary remedy. Plaintiffs' arguments have not established a need for injunctive relief before the State is afforded the opportunity to respond.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' motion for an emergency preliminary injunction (ECF No. 9) is **DENIED.**

2. Defendants **SHALL FILE A RESPONSE** to the motion as one seeking a preliminary injunction under Rule 65(a). The response must be filed by noon (12:00 p.m.) on Monday, April 27, 2020.

3. Plaintiffs may file a reply brief. Any reply must be filed by noon (12:00 p.m.) on Tuesday, April 28, 2020.

4. A **HEARING** on the motion for a preliminary injunction will be held on Wednesday, April 29, 2020 at 10:00 a.m., at the Federal Courthouse in Grand Rapids, Michigan. A separate Notice of the hearing will issue.

5. Each side will have one hour to present its side of the dispute.

Date: April 22, 2020     /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge